UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

Rosemary Ayala, §
 §
　　　Plaintiff, §
 §
versus §　　Civil Action H-09-967
 §
Michael Astrue, §
 §
　　　Defendant. §

## Opinion on Summary Judgment

1. **Introduction**.

The question in this action is whether substantial evidence supports the commissioner's decision that Rosemary Ayala is not disabled under the Social Security Act. It does.

Under 42 U.S.C. § 205(g), Ayala brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits. both sides have moved to summary judgment.

2. **Standard of Review**

Judicial review is limited to determining whether the record has substantial evidence to support the commissioner's decision and whether the commissioner applied the proper legal standards to evaluate the evidence. **See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994); Anthony v. Sullivan, 954 F2d 289, 282 (5th Cir.** 1992).

A decision unsupported by substantial evidence must be overturned. **Substantial evidence** is a level of proof that a reasonable mind might accept as adequate to support a conclusion. **See Richardson v. Perales, 402 U.S. 389, 401 (1971).** A decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. **U.S. Const. amend. V.**

3.  **The Statutory Criteria.**

A claimant is not entitled to disability insurance unless she is unable to work due to a medically determinable impairment that has lasted for at least twelve months. 42 U.S.C. § 423 (d)(1)(A). A claimant who is not engaged in substantial gainful activity and has a severe impairment listed in Appendix 1 of the regulations is considered disabled. 20 C.F.R. 404.1520(d), 404.1525, and 404.1526. Otherwise, the commissioner evaluates the claimant's residual functional capacity to work by considering the limiting effects of any medically determinable impairments. 20 C.F.R. § 404.1520(e). Where medical evidence does not corroborate these limitations, the commissioner must assess the credibility of the claimant's statements. *See* 20 C.F.R. § 404.1529(c). If the claimant has the capacity to perform her past relevant work, she is not considered disabled. 20 C.F.R. § 404.1520(f). If not, the commissioner must show that the claimant can do other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1512(g) and 404.1560(c).

4.  **Evidence**

    A.  **Disability**

Rosemary Ayala is a 50-year-old woman who claims a disabling combination of back, hip, arm, and shoulder pain; panic attacks; arthritis; and migraine headaches.

On February 19, 2001, Ayala twisted her left knee and crushed her right hand in a work-related accident. She underwent knee surgery in late 2001, and as a result she had decreased left lower-extremity strength, increased gait deviations, increased left-knee swelling and tenderness, and decreased left-knee range of motion. She was scheduled for four weeks of physical therapy but attended only twice.

When Ayala had complained of a headache, Doctor Pattanaik assessed it as a vascular headache and prescribed pain medication. After continuing complaints of migraines, a MRI of the head in late 2001 only showed a single nonenhancing white-matter hyper-intensity and sphenoid sinusitis.

In 2003, a CT scan of Ayala's head showed a normal gray and white matter with no evidence of hemorrhage, mass, or mass effect. Dr. Vinn Le noted an "unremarkable noncontrast of the brain" that was "suspicious for chronic sinusitis." Doctor Pattanaik regularly prescribed antibiotics, Phernegan, and Vicodin for Ayala's headaches through 2004.

In 2005, at Bayshore Medical Center, Ayala complained of "moderately severe" migraine headaches. She was administered medicine, her response was monitored, and her pain improved.

In 2005, Dr. Ming Jeang examined Ayala and noted that she complained of recurrent headaches despite the negative CT scan. Dr. Jeang stated that Ayala's hypertension was probably a reaction to-rather than the cause of-her headaches. Ayala continued to complain of headaches and receive medication through 2005. She next complained of headaches in mid-2006, and Doctor Pattanaik gave her pain injections and anti-nausea medication.

Doctor Pattanaik noted on a Headaches Residual Functional Capacity Questionnaire that Ayala had headaches "once a week or more" that lasted for one to two days and that pain medication, including injections improved her symptoms. Dr. Pattanaik said he could not identify the cause of Ayala's headaches and concluded that the headaches would cause her to miss more than four days of work a month.

In mid-2006, a MRI of Ayala's head showed chronic sinusitis, unremarkable brain parenchyma, and no evidence of hemorrhage, intra or extra-axial mass, mass effect, fluid, or fluid collection. She was treated for migraine headaches and discharged from the Bayshore Medical Center emergency room with prescriptions for Vicodin and Phenergan. Bayshore Medical Staff noted that Ayala was doing better after treatment. She also received injections for pain in late-2007 and early-2008.

### B. Ability to Work

The hearing officer considered the findings of the vocational expert who testified that Ayala could perform light work consisting of being an office helper, a laundry folder, and a merchandise marker. Because Ayala could perform work at the light exertional level including the ability to lift 20-pounds occasionally and 10-pounds frequently, walk four hours in an eight-hour work day, perform unlimited pushing, pulling, unlimited gross and fine fingering with her left hand, and occasional fingering and fine manipulation with her right hand, perform occasional bending, stooping, crouching, crawling, squatting, balancing, and twisting; the hearing officer concluded she was not disabled. She is in poor health and an unskilled worker – making earning a living difficult – but that does not equate to disability.

5. **Conclusion.**

The commissioner's denial of Ayala's claim for disability insurance benefits is supported by substantial evidence. It will be affirmed.

Signed on October 16, 2009, at Houston, Texas.

Lynn N. Hughes  USDJ
United States District Judge